NEWPORT POSTER ADVERTISING Co. *vs.* CITY COUNCIL OF

THE CITY OF NEWPORT.

APRIL 17, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

156

CONDON, J. This is a petition for a writ of certiorari to review the action of the city council of the city of Newport in denying the petitioner's application to erect four billboards on lot No. 6 on assessors' plat No. 9 in a commercial B zone. The writ issued and in compliance therewith the respondents have certified to this court a copy of the records of their proceedings and other papers pertaining thereto.

The following facts appear from such return. On January 13, 1955 petitioner applied to the building inspector for a permit to erect the billboards. The inspector, in accordance with chapter 83, sec. 10, of the ordinances of the city of Newport, notified all owners of property within 150 feet of lot No. 6 to make known in writing within fifteen days their objections, if any, to the application. Two owners duly filed such objections and on January 31, 1955 the inspector, pursuant to sec. 10.2 of said chapter, transmitted the application and objections to the city council for their determination.

The city council ordered a hearing on the application on February 2, 1955, but on that date counsel for petitioner requested a postponement to March 2, 1955 and it was so voted. On that date four witnesses were heard some of whom apparently opposed the application. Counsel for petitioner argued in support thereof. It does not appear from the record on what grounds the witnesses urged the denial of the application. The written objections were

based on aesthetic grounds and probable depreciation in the value of adjacent property if the billboards were erected. No complaint was made that the billboards as such would be obnoxious to the health, safety, or morals of the public, nor was it contended that the plans and specifications failed to comply with the provisions of the ordinance governing the construction of billboards.

At the conclusion of the hearing the city council reserved decision until their next regular meeting. However, no action was taken at that meeting, but at the following meeting on March 24, 1955, apparently without discussion, they voted unanimously to deny the application without giving any reason therefor. It appears to have been a purely arbitrary determination for which the council did not deem it necessary to assign any reason notwithstanding sec. 10.2 of chap. 83 of the ordinance, which expressly provides that they shall grant such an application unless "good and just cause" exists for denial.

The respondents in their argument and brief in this court frankly conceded that the denial of the application was arbitrary, but nevertheless they contended that such action should not be quashed since petitioner did not make application to the city council for a permit as provided in general laws 1938, chap. 375, §3. There is no merit in this contention. It disregards the procedure expressly prescribed in sec. 10 thereof which provides that an application for a permit must first be made to the building inspector. The petitioner followed that procedure, and respondents may not be heard to say now that he should have filed an application with the council. Moreover, sec. 10.2 provides that if written objections are filed with the building inspector he shall transmit the application to the council where a hearing is required to be held on the objections. In our opinion the effect of this procedure, especially as taken here, is equivalent to making an application to the city council

within the intendment of §3 of the enabling act, G. L. 1938, chap. 375.

The petitioner has raised a question of the constitutionality of the entire ordinance as being in violation of the due process clause of article XIV of amendments to the constitution of the United States and article I, secs. 10 and 16 of the constitution of this state. In the circumstances we need not pass on this issue, since the admittedly arbitrary and capricious action of the city council in denying the application renders their decision illegal and void and requires that the record of such denial be quashed. The city council should act in accordance with this opinion upon the application transmitted to them by the building inspector. However, this being common-law certiorari and not the broader form of certiorari expressly provided under the zoning law, G. L. 1938, chap. 342, §8, no further order may be made in these proceedings.

The petition for certiorari is granted, the record of the respondent city council's decision is quashed, and the papers certified to this court are ordered sent back to the city council with our decision endorsed thereon.

*Worrell & Hodge, Lee A. Worrell,* for petitioner.

*John F. Phelan, City Solicitor,* for respondents.